# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RED MANSION, LLC d/b/a
NOAMI VILLAGE RESORT,

    Plaintiff,

v.

KEB HANA BANK USA,
NATIONAL ASSOCIATION,

    Defendant.

NO. 3:17-CV-1626

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is a Motion for Summary Judgment (Doc. 22) filed by Defendant KEB Hana Bank, USA National Association ("Defendant" or "the Bank"). Plaintiff Red Mansion, LLC d/b/a Noami Village Resort ("Plaintiff" or "Red Mansion") claims Defendant is liable for negligence, breach of contract, unjust enrichment, fraud and intentional deceit, negligent misrepresentation, fraudulent concealment, and failure to adequately train and supervise employees in connection with a refinancing loan. For the reasons below, Defendant's Motion for Summary Judgment will be granted.

## **I. Background**

The facts presented in the summary judgment record, viewed in the light most favorable to Plaintiff, are as follows:

On October 3, 2006, Red Mansion acquired a Pocono mountain resort property, Naomi Village ("the Property"), for $2,400,000. (Doc. 24, "Def.'s SMF," ¶ 2; Doc. 26, "Pl.'s SMF," ¶ 2).[1] Red Mansion financed this acquisition through two loans from

---

[1] Local Rule 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. A party opposing a motion for summary judgment

Dime Bank for $2,000,000 and $200,000. (Def.'s SMF ¶ 3; Pl.'s SMF ¶ 3). Red Mansion later applied to refinance its loans with Defendant, then named BNB Bank National Association, in October of 2009. (Def.'s SMF ¶ 7; Pl.'s SMF ¶ 7). An independent appraiser for the Bank valued the Property at $2,600,000[2] in connection with the refinancing application. (Def.'s SMF ¶ 8A). The refinancing loan with the Bank closed on December 23, 2009 in the amount of $1,600,000. (Def.'s SMF ¶ 10; Pl.'s SMF ¶ 10).

Red Mansion used its loan money in the following manner: $1,137,408.46 to satisfy its Dime Bank loans, $120,586.24 to pay itself, $5,208.50 to pay the Bank for fees and reimbursements, and $335,600 was set aside for improvements to the Property. (Def.'s SMF ¶ 11; Pl.'s SMF ¶ 11). In early March of 2013, Red Mansion asked the Bank for a five (5) month payment moratorium. (Def.'s SMF ¶ 15; Pl.'s SMF ¶ 15). The Bank granted Red Mansion a three (3) month payment moratorium for June, July, and August of 2013. (*Id.*).

On December 8, 2013, pipes froze in the bar and other buildings on the Property. (Def.'s SMF ¶ 16; Pl.'s SMF 16). Pipes froze again on the Property in January of 2014, culminating in a claim against Red Mansion's insurer for $239,069.00. (*Id.*); *Red Mansion LLC v. Global Indemnity Grp., Inc.*, No. 160300122 (Phila. Ct. Com.

---

must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issue for trial. *See id.* Both parties filed Rule 56.1 statements. (*See generally* Def.'s SMF; Pl.'s SMF). Several paragraphs of Plaintiff's opposition "den[y] as stated" the corresponding paragraph in Defendant's statement. These denials, however, are sometimes non-responsive to Defendant's factual statement and do not deny the substance of those paragraphs. Insofar as the denials are not responsive to Defendant's factual statements, they can properly be deemed undisputed by virtue of Plaintiff's failure to comply with Rule 56.1. *See Weitzner v. Sanofi Pasteur, Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).

[2] The Property was valued, after depreciation, on Red Mansion's 2011, 2012, and 2013 tax returns at $2,312,857, $2,247,893, and $2,176,227, respectively. (Def.'s SMF ¶ 13A).

2

Pl.). The Property ultimately "suffered catastrophic damages . . . and was required to be completely shut down[.]" (Def.'s SMF ¶ 16A (internal quotation marks omitted); Pl.'s SMF ¶ 16A). By February of 2014, Red Mansion defaulted on the Bank's loan. (Def.'s SMF ¶ 17; Pl.'s SMF ¶ 17). The Bank then obtained an independent appraisal in July of 2014 valuing the Property at $515,000 due to "the poor condition of the property, numerous deferred maintenance items, non-operational hot water heaters, warped flooring due to moisture infiltration into cabins, and damage caused by the broken pipes." (Def.'s SMF ¶ 18).

The Bank filed a foreclosure case on August 26, 2014 and received a default judgment when Red Mansion failed to respond. (*Id.* ¶ 20; Pl.'s SMF ¶ 20); *KEB Hana Bank USA, Nat'l Ass'n v. Red Mansion, LLC*, No. 3:14-cv-01664 (M.D. Pa. 2014) (Mehalchick, M.J.). Red Mansion successfully petitioned to reopen the foreclosure case and on January 18, 2017, summary judgment was entered in favor of the Bank. (Def.'s SMF ¶¶ 21, 27; Pl.'s SMF ¶¶ 21, 27).[3]

On September 11, 2017, Plaintiff filed a seven (7) count complaint against the Bank alleging: (I) negligence; (II) breach of contract; (III) unjust enrichment; (IV) fraud and intentional deceit; (V) negligent misrepresentation; (VI) fraudulent concealment; and (VII) failure to adequately train and supervise employees. (Doc. 1). Defendant filed the instant Motion for Summary Judgment on January 11, 2019. (Doc. 22). This Motion has been fully briefed and is now ripe for review.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[3] Red Mansion valued the Property at $2,506,516 after depreciation in its 2017 tax return. (Def.'s SMF ¶ 29).

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations,

4

whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id.* (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505.

### III. Discussion

Defendant moves for summary judgment on the basis that Plaintiff's claims are barred by res judicata—and may not otherwise proceed as an independent action under Rule 60 of the Federal Rules of Civil Procedure—as well as relevant statutes of limitations. Defendant additionally argues Plaintiff failed to produce sufficient evidence in support of its claims.

**A. Res Judicata and Rule 60**

According to the Supreme Court of Pennsylvania, res judicata

> bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

*Balent v. City of Wilkes-Barre*, 542 Pa. 555, 669 A.2d 309, 313 (1995) (citation omitted). Res judicata applies when both the initial and subsequent actions share four (4) conditions: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner*

5

*v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (citing *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72, 74 (1974)).

All seven (7) counts in Plaintiff's instant complaint are based on allegedly "deceptive business practices with respect to the application and approval of the mortgage loan, loan servicing, foreclosure of the real property and related matters[.]" (Doc. 1 ¶ 15). Though not clearly stated in the complaint, briefs, or evidence submitted by Plaintiff in this Matter, all seven (7) counts appear to be based on (1) alleged misrepresentations and false information presented to Plaintiff by two former Bank employees, Kenny Sun and Sam Chung, to induce Plaintiff to enter into a loan transaction larger than Plaintiff could afford and (2) alleged misrepresentations and false information produced by the Bank in connection with the foreclosure process. (*E.g. id.* ¶¶ 8, 15). Plaintiff's claims in the instant action are based on the same underlying events and transactions as the foreclosure case and involve the same parties. Plaintiff attempted to assert in the foreclosure case that Defendant's agents "may have acted improperly in inducing Red Mansion into the loan transaction[.]" *KEB Hana Bank USA, Nat'l Ass'n v. Red Mansion, LLC*, No. 3:14-cv-01664, slip op. at 5 (M.D. Pa. Jan. 18, 2017) (Mehalchick, M.J.). Even though the Court determined Plaintiff failed to state "even basic facts supporting a fraudulent inducement claim[,]" the very fact that Plaintiff attempted to assert a fraud defense in the foreclosure case shows the instant claims are barred by res judicata even though they could have been litigated during the Foreclosure proceeding. *Id.*

Rule 60 of the Federal Rules of Civil Procedure, however, allows for the opening of judgments in certain instances. Further, it acknowledges the court's "power . . . to entertain an independent action to relieve a party from a judgment, order or proceeding[.]" Fed. R. Civ. P. 60(d). Such independent actions are only allowed "for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862 (1998) (quoting *Hazel-Atlas Glass*

6

*Co. v. Hartford-Empire, Co.*, 322 US. 238, 244, 64 S. Ct. 997 (1944)). The United States Supreme Court found the gross injustice standard was satisfied when "the plaintiff alleged that judgment had been taken against her in the underlying action as a result of a forged document." *Id.* at 47 (citing *Marshall v. Holmes*, 141 U.S. 589, 12 S. Ct. 62 (1891)).

Defendants argue Plaintiff's complaint does not satisfy the gross injustice standard and therefore constitutes an impermissible independent action to relieve a party from a judgment. While Plaintiff alleges a number of the documents used to induce it into entering into the refinanced loan agreement were fraudulent, this argument was presented in the foreclosure action and rejected by the Court, as discussed above. Moreover, for the reasons discussed below, Plaintiff failed to submit evidence in the instant action that could support a finding that the Bank or its agents provided fraudulent documents. Accordingly, Plaintiff's claims in the instant action are barred by res judicata and may not proceed as an independent action under Rule 60.

**B. Statutes of Limitations**

Plaintiff's negligence, fraud and intentional deceit, negligent misrepresentation,[4] fraudulent concealment, and failure to adequately train and supervise employees claims ("tort claims") are subject to Pennsylvania's two (2) year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524. Plaintiff's breach of contract and unjust enrichment claims ("contract claims") are subject to Pennsylvania's four (4) year statute of limitations. *See* 42 Pa. Cons. Stat. § 5525. Both statutes of limitations run from the time each cause of action accrued. *Id.*

Here, both the contract and tort causes of action accrued upon the loan closing on December 23, 2009, as Plaintiff alleged it was fraudulently induced into entering

---

[4] While negligent misrepresentation can be contract-based by nature, Pennsylvania law assigns this claim a two (2) year statute of limitations period. For purposes of this discussion, it will be included as one of the "tort claims." 42 Pa. Cons. Stat. § 5524(4).

7

into the loan agreement. (Def.'s SMF ¶ 10; Pl.'s SMF ¶ 10). Where fraud is alleged, the cause of action accrues within two years of the fraudulent act unless the defendant actively concealed the fraud. *Calle v. York Hosp.*, 232 F. Supp. 2d 353, 360 (M.D. Pa. 2002) (Conner, J.) ("For this exception to apply, '[t]here must be an affirmative and independent act of concealment that would divert or mislead the plaintiff from discovering the injury.'") (quoting *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991)). Plaintiff has not offered evidence to show Mr. Sun, Mr. Chung, or the Bank actively concealed the alleged fraud. Plaintiff's tort and contract causes of action therefore expired on December 23, 2011 and December 23, 2013, respectively, unless tolled by the discovery rule.

Under the discovery rule, the statute of limitations begins to run from the date the plaintiff has discovered or should have discovered, through reasonable diligence, the injury. *See Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850, 858 (2005) ("As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause.") (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471 (1983)). A plaintiff need only possess the salient facts concerning an injury and its cause for the statute of limitations to begin running under the discovery rule. *Id.*

Plaintiff argues it "did not discover the improprieties of Sam Chung and Kenny Sun until the real property was exposed to United States Marshal Sale in 2016." (Doc. 25 at 20). However, the parties do not dispute that in March of 2013, Plaintiff asked for a five (5) month moratorium on loan payments in part because Plaintiff's owner "had put $300,000 of her own money into refurbishing the bar and as a result, needed a respite until cash flow picked up during the winter season." (Def.'s SMF ¶ 15; Pl.'s SMF ¶ 15). Additionally, in December of 2013 and January of 2014, pipes froze on the Property, resulting in an insurance claim for the damages. (*Id.* at ¶ 16). After either of these events, Plaintiff should have discovered its alleged injury through

reasonable diligence. *See Crouse v. Cyclops Industries*, 560 Pa. 394, 745 A.2d 606, 611 (2000) ("'[T]here are [very] few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence.'") (quoting *Deemer v. Weaver*, 324 Pa. 85, 187 A. 215, 217 (1936)).

Ultimately, however, it is Plaintiff's burden to show the discovery rule applies. *See Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) (citing *Dalrymple v. Brown*, 549 Pa. 217, 701 A.2d 164, 167 (1997). Plaintiff did not offer evidence to show when it learned of the alleged fraud. Even assuming Plaintiff could have satisfied its burden, the evidence reflects the statute of limitations would have expired on the tort claims in 2015 or early 2016 under the discovery rule, rather than in 2018. While the contract claims may not have expired when instant complaint was filed, I need not conclude whether the discovery rule applies, as Plaintiff's claims are already barred by res judicata.

## C. Evidence

Plaintiff argues summary judgment is improper because "the vast majority of material facts are disputed[,]" including whether Mr. Sun and Mr. Chung determined the Property's value before "produced a real estate appraisal" to match their valuation and whether Mr. Sun and Mr. Chung received one percent (1%) of the loan value.[5] (Doc. 25 at 10, 13). My review of the summary judgment record reveals, however, Plaintiff failed to produce evidence from which a reasonable juror could find in its favor.

---

[5] Plaintiff also appears to argue that Mr. Sun and Mr. Chung's motivations for entering into the loan transaction are disputed because "the Bank has not disclosed the whereabouts of these former key officers and employees" even though Plaintiff requested their "whereabouts" in discovery. (Doc. 25 at 13). This absence of information is insufficient to create a genuine dispute of fact, especially given that Defendant declared in its interrogatory responses that Mr. Sun and Mr. Chung were no longer employees of the Bank and their present location was unknown. (Doc. 27 at 28).

9

Plaintiff submitted the following evidence in support of its claims: (1) an appraisal by Anthony L. Salvitti dated October 13, 2009 valuing the Property at $2,600,000 as of October 5, 2009; (2) an appraisal by Lagreca & Quinn Real Estate Services dated July 11, 2014 valuing the Property at $515,000 as of June 25, 2014; (3) an appraisal by Joseph J. Blake and Associates, Inc. dated November 20, 2015 valuing the Property at $700,000 as of October 27, 2015, referencing damages to the property as one of the reasons for its estimation; (4) an appraisal by Michael J. McKeown, Inc. dated June 28, 2016 valuing the property at $1,000,000 as of June 10, 2016; (5) a settlement check paid to the Bank on February 16, 2018 in the amount of $320,110; and (6) Defendant's responses to Plaintiff's interrogatories indicating, in pertinent part, Defendant did not know the whereabouts of Kenny Sun and Sam Chung at the time the document was created and that the Bank paid a referral fee to the entity Plaintiff initially approached about refinancing its loan, Golden Maple LTD, in the amount of $16,000. (Doc. 27 at 4-33).

While this evidence reflects the Bank represented drastically differing Property valuations over the course of several years, Plaintiff provided no evidence from which a reasonable juror could even infer that these valuations are the result of fraudulent information, documents, and misrepresentations. Indeed, the explanation best supported by the summary judgment record for these differing property valuations is that the Property's value was substantially impacted by the frozen pipes in December of 2013 and January of 2014. (Def.'s SMF ¶ 16; Pl.'s SMF ¶ 16). Further, Plaintiff offered no evidence that could support finding the Bank or its agents deviated from ordinary business practices in entering into the loan or preparing for foreclosure, fraudulent intent by the Bank or its former agents, or any degree of awareness by the Bank or its agents of Red Mansion's inability to repay its refinanced loan at the time of closing.

Accordingly, even in the event Plaintiff could show its claims were not barred by res judicata or the relevant statutes of limitations, Defendant is entitled to a

judgment as a matter of law on all counts based on the absence of any genuine disputes of material fact and any evidence from which a reasonable jury would be able to find in Plaintiff's favor.

### IV. Conclusion

For the above stated reasons, summary judgment will be **GRANTED** on all counts.

An appropriate order follows.

March 28, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge